IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESUS OSORNIO-COLIMA, | ) | No. CV-F-04-6757 OWW |
| | ) | (No. CR-F-03-5345 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO VACATE, SET ASIDE |
| vs. | ) | OR CORRECT SENTENCE PURSUANT |
| | ) | TO 28 U.S.C. § 2255 AND |
| | ) | DIRECTING CLERK OF COURT TO |
| UNITED STATES OF AMERICA, | ) | ENTER JUDGMENT FOR |
| | ) | RESPONDENT |
| | ) | |
| Respondent. | ) | |
| | ) | |

On December 27, 2004, Petitioner Jesus Osornio-Colima timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged with two counts (misdemeanor and felony) of illegal entry in violation of 8 U.S.C. § 1325(a)(1), and one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326.

Petitioner pleaded guilty pursuant to a written Plea Agreement to being a deported alien found in the United States.

1

**The Plea Agreement specifically provided:**

> **Defendant expressly, knowingly and voluntarily waives his Constitutional and statutory rights to appeal, including any rights to appeal his conviction and sentence on any ground and any appeal right conferred by 18 U.S.C. § 3742. Defendant further agrees not to contest his sentence in any post conviction proceeding, including, but not limited to, any proceeding under 28 U.S.C. § 2255.**

**Petitioner was sentenced on March 22, 2004 to 27 months incarceration and 36 months supervised release. Petitioner did not file an appeal.**

**Petitioner asserts two grounds for relief in his Section 2255 motion.**

**First, Petitioner contends that he "was denied my 6th Amendment right to trial by jury (as interpreted by Blakely v. Washington) when the Court applied U.S.S.G. § 2L1.2 to increase the offense level based on my prior conviction when I did not admit nor did the jury find beyond a reasonable doubt that the prior convition [sic] was of the especified [sic] type and ocurred [sic] in the required time frame in relation to my deportation."**

**Second, Petitioner asserts that "[t]he sentence is greater than the specified [sic] in the applicable guideline range to the extent that the sentence includes a greater term of imprisonment than the maximum stablish [sic] in the guideline range."**

**Petitioner's motion is DENIED.**

**Petitioner expressly waived his right to challenge his**

conviction and sentence pursuant to Section 2255.  A defendant may waive the statutory right to bring a Section 2255 motion challenging the conviction or sentence.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992), *cert. denied sub nom. Abarca-Espinoza v. United States*, 508 U.S. 979 (1993).  However, the Ninth Circuit holds that "a plea agreement that waives the right to file a federal habeas petition pursuant to 28 U.S.C. § 2254 is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver.  *Washington v. Lambert*, 422 F.3d 864, 871 (9th Cir. 2005), *cert. denied,* 547 U.S. 1074 (2006).  Petitioner makes no claim that the voluntariness of the waiver in the Plea Agreement was the result of ineffective assistance of counsel.

Even if Petitioner had not waived his right to challenge his sentence pursuant to Section 2255, Petitioner's claim that the enhancement of his sentence pursuant to U.S.S.G. § 2L1.2 violated *Blakely v. Washington,* 542 U.S. 296 (2004), is foreclosed by *United States v. Quintana-Quintana*, 383 F.3d 1052 (9th Cir.2004), *cert. denied*, 543 U.S. 1052 (2005), and by *Schardt v. Payne*, 414 F.3d 1025 (9th Cir.2005).[1]

Petitioner's claim that the sentence imposed was greater than that specified in the applicable guideline range is untrue.

---

[1] Petitioner is not entitled to relief pursuant to *United States v. Booker*, 543 U.S. 220 (2005) because *Booker* is not retroactive to cases on collateral review.  *United States v. Cruz*, 423 F.3d 1119 (9th Cir.2005), *cert. denied*, 546 U.S. 1155 (2006).

The guideline range for Petitioner was 27-33 months.  Petitioner was sentenced to the low end of that range.

For the reasons stated:

1. Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter JUDGMENT FOR RESPONDENT.

IT IS SO ORDERED.

Dated:   August 14, 2008                   /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE